UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH WALTON | CIVIL ACTION |
| VERSUS | NO: 14-2468 |
| ENTERPRISE MARINE SERVICES, LLC | SECTION: "H"(3) |

## ORDER AND REASONS

Before the Court is Defendant Enterprise Marine Service's Motion in Limine to Exclude Testimony and Reports of Plaintiff's Expert John Pierce (Doc. 30). For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

Plaintiff was employed as a seaman on the M/V NORMAN, which was towing another vessel. Plaintiff alleges that Defendant failed to provide a safe means of traveling from the NORMAN to its tow, instead using an old scaffolding as a gangplank. While Plaintiff was traversing the scaffolding/gangplank, he slipped and fell, sustaining injury. Plaintiff asserts

1

claims under the Jones Act and for negligence and unseaworthiness under the general maritime law.

Defendant has filed the instant Motion seeking exclusion of the expert testimony of John Pierce, Plaintiff's Marine Liability Expert. Plaintiff opposes.

## LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;(b) the testimony is based on sufficient facts or data;(c) the testimony is the product of reliable principles and methods; and(d) the expert has reliably applied the principles and methods to the facts of the case.

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharms., Inc.*,[1] and *Kumho Tire Co. v. Carmichael*.[2] The threshold inquiry is whether the expert possesses the requisite qualifications to render opinion on a particular subject matter.[3] Having defined the permissible scope of the expert's testimony, a court next inquires

---

[1] 509 U.S. 579 (1993).
[2] 526 U.S. 137 (1999).
[3] *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 799 (E.D. La. 2011); *see also Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) ("A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject.").

whether the opinions are reliable and relevant.[4] In undertaking this tripartite analysis, courts must give proper deference to the traditional adversary system and the role of the jury within that system.[5] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[6] As the "gatekeeper" of expert testimony, the trial court enjoys broad discretion in determining admissibility.[7]

## LAW AND ANALYSIS

Defendant filed the instant Motion challenging the admissibility of the expert testimony of John Pierce, Plaintiff's marine liability expert. Pierce has issued two reports in this matter—a preliminary report dated May 27, 2015 (the "First Report") and a supplemental report dated October 1, 2015 (the "Second Report"). Defendant challenges the admissibility of the opinions contained in First Report as it argues that the conclusions contained therein rely on inapplicable rules and regulations and assert legal conclusions inadmissible under the Federal Rules of Evidence. Defendant challenges the opinions contained in the Second Report as not based on new evidence. It contends that this report was issued only to cure deficiencies identified in

---

[4] *See United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).
[5] *See Daubert*, 509 U.S. at 596.
[6] *Id.*
[7] *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013).

Defendant's initial Motion in Limine. The Court will address each report separately.

## I. The First Report

Defendant challenges the First Report on two grounds: (1) that the expert improperly relies on inapplicable Occupational Safety and Health Administration ("OSHA") regulations in forming his opinions and (2) that he improperly offers legal conclusions. Plaintiff opposes, arguing that OSHA regulations are applicable and that the Court can distinguish between helpful expert testimony and impermissible legal conclusions at trial.

*Daubert* motions are not a substitute for cross examination, particularly in a bench trial. The parties clearly dispute the applicability of OSHA regulations to the instant vessel, and the Court need not make a determination on that issue at this time. Further, at trial, the Court will be capable of distinguishing between admissible testimony regarding the facts of the case compared with the general practice in the industry and inadmissible ultimate legal conclusions. Accordingly, the Court will allow Pierce to testify as to the opinions contained in the First Report.

## II. The Second Report

Defendant also challenges the admissibility of the Second Report because it does not consider new information available since the issuance of the initial report. Rule 26 allows for the supplementation of a disclosure, such as an expert report, "if the party learns that in some material respect the

disclosure or response is incomplete or incorrect."[8] Expert reports may only be supplemented in limited circumstances, specifically where supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."[9] "If an expert's report does not rely [on] any information that was previously unknown or unavailable to him, it is not an appropriate supplemental report under Rule 26."[10] The Court has reviewed the report and concludes that it is not based on any newly discovered evidence. Accordingly, the Court will not allow Pierce to testify as to the opinions contained in the Second Report.

## CONCLUSION

For the forgoing reasons, Defendant's Motion is **GRANTED IN PART**. John Pierce's trial testimony shall be limited to those opinions contained in his original expert report.

New Orleans, Louisiana this 23rd day of May, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[8] Fed. R. Civ. Pro. 26(e).

[9] *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012) (citations omitted)(collecting cases).

[10] *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011).

5